IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | | |
|---|---|---|
| VETERINARY HOSPITAL MANAGERS ASSOCIATION, INC. | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. 2:08-cv-2647-JPM-tmp |
| MARCUS D. DORRIS, an individual, and POPE ANIMAL CLINIC, INC., | ) ) ) | |
| Defendants. | ) | |

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**
**ORDER ENJOINING USE OR INFRINGEMENT OF THE MARK**

---

Before the Court is Plaintiff Veterinary Hospital Managers Association, Inc.'s ("VHMA") Motion for Summary Judgment (Docket Entry ("D.E.") 45), filed April 20, 2010. Defendants Marcus D. Dorris and Pope Animal Clinic, Inc. ("Defendants") responded in opposition on June 8, 2010. (D.E. 48.) VHMA filed a reply on July 1, 2010. (D.E. 51.) For the following reasons, VHMA's motion is GRANTED as to liability. The Court will determine the relief to be awarded following a hearing.

**I. Background**

    **a. Factual Background**

This action arises out of Defendants' alleged infringement of VHMA's certification mark, "CVPM." VHMA is an association that certifies veterinary practices managers. VHMA certification requires certain educational and experiential

1

credentials, and applicants must pass an exam covering topics related to the management of veterinary practices. An individual who receives VHMA certification may use the designation "CVPM," which stands for Certified Veterinary Practice Manager. VHMA owns United States Trademark Registration No. 2,811,768 for the CVPM mark, which was registered on February 3, 2004.

VHMA contends that Defendant Marcus Dorris is not certified by VHMA, but that he and Defendant Pope Animal Clinic have been using the CVPM mark without VHMA's permission since at least March 17, 2008. For instance, VHMA contends that Dorris has used the CVPM mark after his name, and that the CVPM mark appears on the exterior of the Pope Animal Clinic (the "Clinic"). According to VHMA, the association contacted Dorris in 2008 in an effort to discontinue his use of the mark, but these efforts were unsuccessful. This suit followed.

### b. Procedural Background

VHMA filed its complaint in this matter on October 1, 2008, alleging statutory and common law causes of action relating to the putative infringement. (D.E. 1.) On November 14, 2008 Defendants filed a motion for extension of time to answer. (D.E. 15.) Also on that day, the Clerk of Court entered default upon VHMA's motion. (D.E. 16.) Defendants filed a motion to set aside default on January 4, 2009. (D.E. 19.) On January 8, 2009, the Court set aside the Clerk's entry of default and

granted Defendants' motion for an extension of time to answer. (D.E. 23.)  Defendants' answer was filed on January 23, 2009. (D.E. 25.)

On August 24, 2009, VHMA served Defendants with interrogatories, requests for the production of documents and things, and requests for admissions.  Defendants did not respond.  On November 13, 2009, VHMA moved to compel responses to its interrogatories and requests for production (D.E. 31), and by separate motion moved to deem the requests for admission as admitted (D.E. 30).  Defendants did not respond to either motion.  The motion to compel was referred to the magistrate judge for determination (D.E. 35), and the magistrate judge ordered Defendants to comply with VHMA's interrogatories and requests for production (D.E. 36).

The Court granted in part and denied in part VHMA's motion to deem the requests for admission as admitted.  (D.E. 37.)  The Court held that under Federal Rule of Civil Procedure 36(a)(3) and United States v. Petroff-Kline, 557 F.3d 285 (6th Cir. 2009), VHMA's requests for admission were deemed admitted to the extent they were request for facts or the application of law to facts, but were not deemed admitted to the extent they were requests for opinions of law or legal conclusions.  (D.E. 37 at 2.)  The Court finds that the admissions discussed below are permissible admissions of fact or application of law to fact.

As noted above, VHMA filed the instant motion for summary judgment on April 20, 2010.

**II. Standard of Review**

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). So long as the movant has met its initial burden of "demonstrat[ing] the absence of a genuine issue of material fact," Celotex, 477 U.S. at 323, and the nonmoving party is unable to make such a showing, summary judgment is appropriate. Emmons v. McLaughlin, 874 F.2d 351, 353 (6th Cir. 1989). In considering a motion for summary judgment, however, "the evidence as well as all inferences drawn therefrom must be read in a light most favorable to the party opposing the motion." Kochins v. Linden-Alimak, Inc., 799 F.2d 1128, 1133 (6th Cir. 1986).

When confronted with a properly supported motion for summary judgment, the nonmoving party "must – by affidavits or as otherwise provided in [Rule 56] – set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). However, "[t]he mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be

4

insufficient." Street v. J.C. Bradford & Co., Inc., 886 F.2d 1472, 1479 (6th Cir. 1989) (quotation marks and citation omitted). A genuine issue of material fact exists for trial "if the evidence [presented by the nonmoving party] is such that a reasonable jury could return a verdict for [that party]." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In essence, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52.

**III. Analysis**

  VHMA's complaint asserts two counts of infringement under 15 U.S.C. § 1114, two counts of false designation of origin under 15 U.S.C. § 1125(a), and two counts of common law infringement. (Compl. at 5-11.) One count of each claim is asserted as to Dorris and the Clinic respectively. (Id.) VHMA moves for summary judgment as to all counts. The motion relies on the facts deemed admitted, as well as a statement of undisputed material facts that Defendants have largely failed to oppose with admissible evidence or citations to the record. The Court will first consider whether Defendants are liable, after which the Court will consider the nature of any remedy to be awarded.

5

### a. Whether Defendants Are Liable

The standard for each of VHMA's claims is the same. Audi AG v. D'Amato, 469 F.3d 534, 542 (6th Cir. 2006) (citing Two Pesos, Inc. v. Taco Cabana, Inc., 505 U.S. 763 (1992)); Gen. Conference Corp. of Seventh-Day Adventists v. McGill, 624 F. Supp. 2d 883, 891 (citing Microsoft Corp. v. Sellers, 411 F. Supp. 2d 913, 920 (E.D. Tenn. 2006); Men of Measure Clothing, Inc. v. Men of Measure, Inc., 710 S.W.2d 43, 48 (Tenn. Ct. App. 1986)). Plaintiff must show that "(1) it owns the registered [mark]; (2) the defendant used the mark in commerce; and (3) the use was likely to cause confusion." Hensley Mfg. v. ProPride, Inc., 579 F.3d 603, 609 (6th Cir. 2009) (citing 15 U.S.C. § 1114(1)).

It is undisputed that as between VHMA and Defendants, VHMA owns the CVPM mark. Defendants concede that VHMA owns CVPM as a service mark, (Defs.' Resp. to Pl.'s Mot. for Summ. J. ("Defs.' Resp.") (D.E. 48) 2), but argue that VHMA only registered CVPM as a certification mark in 2008. This argument is inapposite. Prior use determines ownership of a mark. See 2 McCarthy on Trademarks & Unfair Competition § 16:18. Defendants have admitted that VHMA's rights in the CVPM mark, including rights as to a certification mark, are superior to any such rights Defendants may have. (See Pl.'s First Request for Admissions (D.E. 45-4) No. 15.) VHMA is the owner of the CVPM mark as between itself and Defendants.

It is also undisputed that Defendants used the CVPM mark in commerce. (See Pl.'s First Request for Admissions Nos. 1, 7, 11 (admitting that Defendants used the CVPM mark while selling goods and services); Defs.' Resp. 3 ¶ 13 (admitting that Defendants have used the registered CVPM mark in commerce since at least March 17, 2008); id. at ¶ 14 (admitting that the CVPM mark appears behind Dorris's name; on the Clinic's sign, front door, and windows; and in the Clinic's advertising materials).)

VHMA must also show that Defendants' use of the CVPM mark "is likely to cause confusion among consumers" with regard to whether Defendants are certified by VHMA. Hensley Mfg., 579 F.3d at 610 (quoting Daddy's Junky Music Stores, Inc. v. Big Daddy's Family Music Ctr., 109 F.3d 275, 280 (6th Cir. 1997)). The Sixth Circuit has articulated the likelihood-of-confusion test as follows:

> In determining whether a likelihood of confusion exists, a court will typically weigh the following eight factors: (1) strength of the senior mark; (2) relatedness of the goods or services; (2) similarity of the marks; (4) evidence of actual confusion; (5) marketing channels used; (6) likely degree of purchaser care; (7) the intent of defendant in selecting the mark; and (8) likelihood of expansion of the product lines.

Id.

The evidence with regard to the relevant factors is undisputed and demonstrates a likelihood of confusion. First, the "CVPM mark is distinctive and is widely known and

recognized."[1]  (Decl. of Christine Q. Shupe ("Shupe Decl.") (D.E. 45-3) ¶ 6.)  Second, VHMA-certified users of the CVPM mark and Defendants are involved in the business of providing veterinary services.  Third, the CVPM marks are apparently identical.  VHMA contends that after it requested that Defendants cease using the CVPM mark, Defendants began to use the mark "CVPD."  CVPD is nearly identical to CVPM mark.  As to the fifth factor, Defendants admit that they provide veterinary services in the same market as do professionals approved by VHMA to use the CVPM mark.  (Defs.' Resp. 3 ¶ 29.)  With regard to the sixth factor, Defendants have put forth no evidence to dispute VHMA's evidence indicating that consumers who see the CVPM mark are unlikely to research whether that individual or clinic is actually VHMA-certified.  (See Shupe Decl. ¶ 18.)  Finally, as to the seventh factor, Defendants have admitted that they used the CVPM mark and CVPD marks "to mislead consumers into thinking that [they were] certified or endorsed by [VHMA]."  (Pl.'s First Request for Admissions Nos. 10, 23.)

    Defendants make a series of arguments that the Court rejects.  First, Defendants' argument that VHMA must show evidence of actual confusion is incorrect.  See Daddy's Junky Music Stores, 109 F.3d at 284 (explaining that although evidence of actual confusion is compelling, "a lack of such evidence is

---

[1] Defendants assert that this fact is disputed but have put forth no admissible evidence to support this assertion.  See Nix v. O'Malley, 160 F.3d 343, 347 (6th Cir. 1998) (unsworn allegations in a brief are insufficient to create a factual dispute on a motion for summary judgment).

rarely significant") (citations omitted). Also incorrect is Defendants' argument that VHMA must show evidence of intent to infringe. See 2 McCarthy on Trademarks & Unfair Competition § 23:110 (4th ed.) (noting that because the focus of the likelihood-of-confusion test is on what a reasonable consumer would perceive, the putative infringer's analysis is not dispositive). Similarly incorrect is Defendants' argument that VHMA cannot prevail on its state-law claim for infringement because it did not register the CVPM mark with the State of Tennessee. See Allard Enters., Inc. v. Advanced Programming Resources, Inc., 146 F.3d 350, 356 (6th Cir. 1998) (stating that a "bedrock principle" of trademark law is that ownership rights arise from actual use, not from registration) (citation omitted); Men of Measure Clothing, Inc. v. Men of Measure, Inc., 710 S.W.2d 43, 45-46 (Tenn. Ct. App. 1986) (same).

Defendants' argument that VHMA does not provide veterinary services is irrelevant. "In infringement litigation, the certification mark owner acts as the representative of the mark users." 2 McCarthy on Trademarks & Unfair Competition § 19:92.50 (4th ed.). Finally, the Court rejects Defendants' argument that Dorris obtained permission to use the CVPM mark from the American Animal Hospital Association (the "AAHA"). Defendants admitted that the AAHA did not have the right to authorize use of the CVPM mark. (See Pl.'s First Request for Admissions No. 27.) Further, there is no evidence in the record

9

suggesting that the AAHA has rights in the CVPM mark that are senior to those of VHMA.

The undisputed evidence demonstrates that Defendants' use of the CVPM and CVPD marks creates a likelihood of confusion. VHMA is entitled to summary judgment as to liability on all of its claims against Defendants.

### b. VHMA's Remedies

VHMA seeks, *inter alia*, injunctive relief, the Defendants' profits, statutory damages, attorney's fees, and cost.  VHMA is entitled to immediate injunctive relief in the form of an order precluding Defendants' further use of the mark.  Defendants are hereby ORDERED to immediately remove the mark from their signage, advertising material, and any other public display. The Court will conduct a telephonic status conference regarding the status of Defendants' compliance and VHMA's other requested relief.  A setting letter will issue.

### IV. Conclusion

For the foregoing reasons, VHMA's motion for summary judgment is GRANTED as to Defendants' liability and Defendants are enjoined from further use or infringement of the mark.  The Court will consider the additional relief to be awarded following the status conference.

IT IS SO ORDERED this 9th day of August, 2010.

/s/ Jon P. McCalla_____
JON P. McCALLA
CHIEF U.S. DISTRICT JUDGE